```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DANIEL PRINCE

                         Plaintiff,           08-CV-6067T

         v.                                   **ORDER**

MONROE COUNTY, MONROE COUNTY SHERIFF'S
DEPARTMENT, and ROBIN BROWN, Individually
and in his Official Capacity,

                         Defendants.
_____
```

## INTRODUCTION

Plaintiff Daniel Prince, ("Prince") a Sheriff's Deputy employed by the defendant Monroe County Sheriff's Department, brings this action pursuant to 42 U.S.C. § 1983 and the New York State Human Rights Law claiming that the defendants retaliated against him for exercising his right to freedom of speech. Specifically, plaintiff alleges that the defendants retaliated against him for complaining of hostile and dangerous working conditions allegedly created by defendant Robin Brown, a Lieutenant who, at the relevant times, supervised the plaintiff.

Defendants move to dismiss the Complaint on grounds that plaintiff has failed to state a cause of action for the violation of his right to be free from retaliation for exercising his rights under the First Amendment to the rights. The defendants claim that plaintiff has failed to establish that the speech he engaged in was protected by the First Amendment.

For the reasons set forth below, I grant the defendants' motions to dismiss, and dismiss plaintiff's Complaint with prejudice.

BACKGROUND

The following facts are set forth in plaintiff's Complaint. Plaintiff Daniel Prince is a Deputy in the Monroe County Sheriff's Department (the "Sheriff's Department" or "Department"). Prince, who has worked for the Sheriff's Department for over 17 years, was, at the time the Complaint in this case was filed, assigned to the Monroe County Jail located in Henrietta, New York.

In 2006, defendant Robin Brown, a Sergeant in the Sheriff's Department, was transferred to the Henrietta jail, and became Prince's supervisor. In April 2006, Brown called Prince into his office to reprimand and counsel Prince regarding use of sick time. The counseling related to an incident in which Prince called in sick to work following a scheduled day off. According to the Complaint, Brown thought that Prince's actions "looked bad." Though Brown admitted that Prince had accrued sufficient time to take sick leave, and Prince indicated that he had never called in sick following a scheduled day off in his career, Brown placed a note in plaintiff's file regarding the incident, and other instances in which Prince allegedly had a deputy cover part of a shift for him without Brown's knowledge.

Two days after the incident, Prince went to the Sergeant's office to review his file. According to Prince, Brown harassed him for doing this, and after some discussion, began yelling at Prince and mocking him in front of other supervisory personnel.

Plaintiff felt humiliated, and contacted his union representative, claiming that Brown had created a hostile and abusive working environment. An investigation into the matter was launched by the Sheriff's Department Internal Affairs Division, and several months later, Prince was informed that the investigation found that Brown had acted inappropriately with respect to his conduct towards the plaintiff, but that because Prince had not been denied a promotion or any other employment benefits, no action would be taken against Brown. Prince was not satisfied with the Department's investigation, and contacted a member of Department's Human Resources office. Prince then met with the Undersheriff, who agreed to reopen the investigation into Brown's conduct. According to Prince, Brown continued to engage in harassing and demeaning conduct towards him.

In January, 2007, Brown accused Prince of using six sick days in the last six months, and ordered Prince to sign an "early warning system" document acknowledging that fact. Prince signed the document, but later began to question whether he had used six or only five days within the last six months. He asked Brown to look into the matter, and although Brown agreed to, he allegedly

did not.  Thereafter, Brown allegedly continued to verbally harass Prince by calling him a "faggot" or a "pussy."

Approximately one week later, Prince was working with Sergeant Ciminelli, and plaintiff asked Ciminelli to check on his use of sick time in the last six months.  Brown, who was also working that shift, allegedly heard about Prince's request, and sought out Prince, who was conducting a watch of prisoners.  Brown was allegedly incensed at Prince's request for information regarding his use of sick time, and confronted Prince in front of several prisoners.  Brown allegedly physically threatened Prince, and called him a "mother-fucker", "little bitch", "pussy ass bitch", "faggot", and "whining little faggot."  Prince claims that Brown's verbal abuse incited the inmates, several of whom heard it, and many of the inmates began calling Prince names, and questioning his authority. Because Prince felt that his authority with the inmates had been compromised, he sought assistance from other Department personnel. A Lieutenant eventually arrived to escort Prince out of the building, and Prince was thereafter assigned to another location. At some point thereafter, Prince returned to the Henrietta Jail, and Brown was permanently transferred to the Downtown Monroe County Jail.

DISCUSSION

I.  Standard for Motion to Dismiss

In reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "accept...all factual allegations in the complaint and draw...all reasonable inferences in the plaintiff's favor." See Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir.2008) (internal quotation marks omitted). In order to withstand dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007) (disavowing the oft-quoted statement from Conley v. Gibson, 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. at 1965 (internal quotation marks omitted). Thus, "at a bare minimum, the operative standard requires the 'plaintiff [to] provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the

5

speculative level.'" See Goldstein v. Pataki, 516 F.3d 50, 56-57 (2d Cir.2008) (quoting Twombly, 127 S.Ct. at 1974).

II. Plaintiff has Failed to State a Claim for a Violation of his First Amendment Rights

Prince contends that he was retaliated against for exercising his First Amendment right to freedom of speech. He claims that in response to complaining of a hostile work environment and filing grievances regarding the same, he was retaliated against by being harassed and transferred to a different location. These claims, however, fail to state a claim for the deprivation of a constitutional right.

The First Amendment to the United States Constitution protects the right of public employees to speak-out without fear of reprisal on issues of public concern. Frank v. Relin, 1 F.3d 1317 (2nd Cir., 1993), cert. denied, 510 U.S. 1012 (1993). However:

> [W]hen a public employee speaks not as a citizen upon matters of public concern, but instead as an employee upon matters only of personal interest, absent the most unusual circumstances, a federal court is not the appropriate forum in which to review the wisdom of a personnel decision taken by a public agency in reaction to an employee's behavior.

Connick v. Myers, 461 U.S. 138, 147 (1983). "In order to establish a First Amendment retaliation claim, [a] plaintiff[] must prove that: (1) [he] engaged in constitutionally protected speech because [he] spoke as [a] citizen[] on a matter of public concern; (2) [he]

6

suffered an adverse employment action; and (3) the speech was a 'motivating factor' in the adverse employment decision." <u>Skehan v. Village of Mamaroneck</u>, 465 F.3d 96, 106 (2nd Cir., 2006)(citing <u>Gronowski v. Spencer</u>, 424 F.3d 285, 292 (2d Cir.2005); <u>Sheppard v. Beerman</u>, 94 F.3d 823, 827 (2d Cir.1996)). Whether or not particular speech relates to a matter of public concern is "ordinarily a question of law decided on the whole record by taking into account the content, form, and context of the given statement." <u>Melzer v. Board of Education</u>, 336 F.3d 185, 196 (2nd Cir. 2003).

In the instant case, plaintiff fails to allege that he spoke as citizen on a matter of public concern, and therefore he has failed to establish that he engaged in constitutionally protected speech. Rather, the record reveals that Prince's conversations with Brown and Prince's other supervisors related to the terms and conditions of his employment: specifically whether or not a counseling note in plaintiff's file was warranted, and whether or not plaintiff had used five or six sick days within a six month period. Because the plaintiff was speaking as an employee on matters of personal concern, his speech does not rise to the level of constitutionally protected speech. Plaintiff's contention that the real animus of his speech was his concern that Brown's verbal abuse and creation of a hostile work environment resulted in safety concerns is unavailing. The speaker's motive for speaking is not dispositive in determining whether or not the speech in question

7

touches on a matter of public importance or concern. <u>Sousa v. Roque</u>, --- F.3d ----, 2009 WL 2568949 *8 (2nd Cir., August 21, 2009). Moreover, the record as a whole reveals that the plaintiff complained about a note being placed in his file, a job counseling session regarding the alleged abuse of sick time, and verbal harassment from Brown. These matters are quintessentially employment matters, and speech regarding these matters does not rise to the level of constitutionally protected speech. <u>Id.</u>, ("An employee who complains solely about his own dissatisfaction with the conditions of his own employment is speaking 'upon matters only of personal interest.'")(citation omitted). As a result, I grant defendant's motion to dismiss plaintiff's claim for a violation of his right to freedom of speech under the First Amendment.

III. <u>State law claim</u>

Pursuant to 28 U.S.C. 1367(c)(3), where a district court has dismissed all claims over which it has original jurisdiction, the court may decline to exercise jurisdiction over state law claims. Because the federal claims of plaintiffs' Complaint have been dismissed, I decline to exercise jurisdiction over plaintiff's remaining state law cause of action. <u>See</u> <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 726 (1966)(authorizing district court to dismiss state and common law claims for lack of jurisdiction when all federal claims have been dismissed).

CONCLUSION

For the reasons set forth above, defendants' motions to dismiss are granted, and plaintiff's complaint is dismissed with prejudice.


ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:    Rochester, New York
          October 6, 2009